[No. F014161. Fifth Dist. Oct. 31, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
MELODIE GAIL JOHNSON, Defendant and Appellant.

## COUNSEL

Scott W. Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Robert R. Anderson, Assistant Attorney General, and Roger E. Venturi, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**BEST, P. J.**—Defendant, Melodie Gail Johnson, was convicted by plea of guilty to kidnapping (Pen. Code,[1] § 207, subd. (a)) and concealing and detaining a minor child (§ 278) and sentenced to eight years in state prison. She now appeals contending the trial court did not have jurisdiction to take her plea, nor to sentence her, because of its failure to determine her competency to stand trial pursuant to section 1368. We will reject defendant's contention and affirm.

### SUMMARY OF FACTS

Defendant does not raise any issues concerning the underlying facts, so a brief summary of the crime will suffice. On June 3, 1989, defendant received permission from her neighbor to take the neighbor's five-year-old child shopping. Instead she took the child to Los Angeles for several days. She subsequently surrendered herself and the child to a sheriff's deputy. She said voices had told her to take the child.

### PROCEDURAL HISTORY

On August 17, 1989, defendant was arraigned. At the request of Deputy Public Defender John M. Ulman II, the court appointed Dr. Luis Velosa to

[1]All statutory references are to the Penal Code unless otherwise indicated.

examine defendant pursuant to Evidence Code section 1017, subdivision (a). Throughout these proceedings the confidential nature of that report has been maintained, and the report is not in our record.

On September 12, 1989, defendant appeared with Deputy Public Defender Cynda L. Bunton. (Ms. Bunton represented defendant at all further appearances in the trial court.) At the request of Ms. Bunton, the court suspended criminal proceedings pursuant to section 1368 and appointed Dr. F. A. Matychowiak to examine defendant and set a hearing on the medical report.

On September 27, 1989, defendant appeared for a hearing on Dr. Matychowiak's report. That report concluded defendant was then able to understand the proceedings and assist counsel in conduct of the defense. At the request of the district attorney, the court then appointed another psychiatrist, Dr. R. E. Burdick, to examine defendant pursuant to section 1368 and set a hearing on the medical reports. (That report also concluded defendant was competent.)

At the October 25, 1989, hearing on the medical reports, defense counsel moved to withdraw the section 1368 request. The motion was granted and the case was set for trial by jury on the charges contained in the information.

On November 29, 1989, defendant entered an additional plea of not guilty by reason of insanity pursuant to section 1026. The court appointed Dr. Matychowiak and Dr. Burdick to examine defendant pursuant to section 1027.

On December 29, 1989, defendant withdrew her not guilty plea and entered a plea of guilty to both charges upon the condition that she be sentenced to no more than eight years in state prison. The matter was referred to the probation officer for a presentence investigation and report with sentencing to follow the conclusion of defendant's trial on her plea of not guilty by reason of insanity.

On January 2, 1990, defendant withdrew her plea of not guilty by reason of insanity.

On February 13, 1990, the court, with defense counsel's concurrence, referred the defendant to the Department of Corrections for a diagnostic evaluation pursuant to section 1203.03.

On June 5, 1990, after consideration of the diagnostic study and recommendation of the Department of Corrections and the probation officer's reports, the court denied probation and sentenced defendant to a term of eight years in state prison.

## DISCUSSION

■ In *People* v. *Hale* (1988) 44 Cal.3d 531, 541 [244 Cal.Rptr. 114, 749 P.2d 769], and *People* v. *Marks* (1988) 45 Cal.3d 1335, 1341-1343 [248 Cal.Rptr. 874, 756 P.2d 260], our Supreme Court held that when the trial court expresses a doubt as to the competency of a defendant to stand trial and orders a hearing to determine his competency, the trial court lacks jurisdiction to conduct further proceedings on the criminal charge or charges against the defendant until the court has determined his competency pursuant to a hearing held in accordance with section 1369. Relying upon this holding, defendant contends the trial court was without jurisdiction to accept her guilty plea and sentence her. ■ In this case, however, the court expressed no doubt concerning defendant's competency and there was no substantial evidence that she might be incompetent. Accordingly, *Hale* and *Marks* are not applicable.

We will briefly review some of the cases leading up to *Hale* and *Marks* since they shed significant light on the core issue in this case, namely, whether defendant made the threshold showing which results in a mandatory competency hearing, or on the other hand, whether the court was proceeding on a discretionary basis that permitted the court to cancel the competency hearing at defense counsel's request.

■ In 1966 the United States Supreme Court decided *Pate* v. *Robinson* (1966) 383 U.S. 375 [15 L.Ed.2d 815, 86 S.Ct. 836]. The court held that "[w]here the evidence raises a '*bona fide* doubt' as to a defendant's competence to stand trial, the judge on his own motion must impanel a jury and conduct a [competency] hearing . . . ." (*Id.* at p. 385 [15 L.Ed.2d. at p. 822].) The California Supreme Court has described the impact of *Pate* on California competency law:

"Prior to the decision in *Pate*, we had interpreted section 1368 to permit a trial judge, in determining whether to conduct a competency hearing, to resolve conflicting evidence concerning a defendant's competence to stand trial. (*People* v. *Merkouris* (1959) 52 Cal.2d 672, 678 [344 P.2d 1]) In [*People* v. *Pennington* (1967) 66 Cal.2d 508 (58 Cal.Rptr. 374, 426 P.2d 942)], however, we specifically reinterpreted section 1368 and held, '*Pate* v. *Robinson* stands for the proposition that an accused has a constitutional right to a hearing on present sanity if he comes forward with substantial evidence

that he is incapable, because of mental illness, of understanding the nature of the proceedings against him or assisting in his defense. Once such substantial evidence appears, a doubt as to the sanity of the accused exists, *no matter how persuasive other evidence—testimony of prosecution witnesses or the court's own observations of the accused—may be to the contrary* . . . . [¶] [W]hen defendant has come forward with substantial evidence of present mental incompetence, he is entitled to a section 1368 hearing as a matter of right under *Pate* v. *Robinson, supra,* 383 U.S. 375. *The judge then has no discretion to exercise.' (Pennington, supra,* 66 Cal.2d at p. 518, italics added.) Moreover, our subsequent decisions have consistently held that despite the discretionary nature of the language of section 1368, a competency hearing is required when substantial evidence of the accused's incompetence has been introduced. (*People* v. *Stankewitz* (1982) 32 Cal.3d 80, 91-92 [184 Cal.Rptr. 611, 648 P.2d 578]; accord, *People* v. *Laudermilk* (1967) 67 Cal.2d 272, 283 [61 Cal.Rptr. 644, 431 P.2d 228].)" (*People* v. *Hale, supra,* 44 Cal.3d at p. 539, fn. omitted, italics in original.)

Thus, in *People* v. *Pennington, supra,* 66 Cal.2d 508, the court focused on whether the defense initially produced substantial evidence of mental incompetency. If so, then the court was required to hold a formal competency hearing. If not, the court could hold a further informal hearing to determine whether the court had a doubt about defendant's competency, i.e, whether there was substantial evidence of incompetency. At such hearing the court could consider medical reports or other evidence. (See, e.g., *People* v. *Ashley* (1963) 59 Cal.2d 339, 363 [29 Cal.Rptr. 16, 379 P.2d 496].) As clarified in *People* v. *Laudermilk* (1967) 67 Cal.2d 272, 283, footnote 10 [61 Cal.Rptr. 644, 431 P.2d 228], however, the court did not abuse its discretion in failing to schedule a formal competency hearing unless the record reflected substantial evidence of incompetency.

We turn to the facts of the present case. ▉ At the time Dr. Matychowiak was appointed there was no substantial evidence of incompetency and the court had expressed no doubt about competency. Defense counsel had not represented to the court that defendant was incompetent and counsel did not submit any psychiatric reports alleging incompetency. The September 12, 1989, hearing which resulted in Dr. Matychowiak's appointment proceeded as follows:

"THE COURT: Well, what's the status of this case?

"Ms. BUNTON: That's the other matter, your Honor. The other matter on calendar for Miss Johnson is a 1368 motion, and if the Court appoints doctors, then the trial date and the readiness conference would have to be vacated.

". . . . . . . . . . . . . . . . . . . . . . . . . . . . .

"THE COURT: Before we resolve the issue, at this point I'm trying to establish where we're at. I don't see anything on the Court's calendar with respect to appointment of the medical doctors, but you're advising me that that is on calendar.

"Ms. BUNTON: Yes. I called last Thursday and placed it on calendar. It's an oral motion.

"THE COURT: Very well.

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"THE COURT: Is there any basis to oppose the basis for examination per Penal Code Section 1368?

"[District Attorney]: No, I don't see any, your Honor. Ms. Bunton, apparently, has some information from a doctor on her confidential report from Dr. Velosa that she feels she needs to make this motion, so we're not opposing it.

"THE COURT: And you concur with Ms. Bunton if the Court grants that motion it's going to require—are proceedings suspended?

"[District Attorney]: That's what happens.

"THE COURT: It appears we recess proceedings.

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"THE COURT: Very well. [¶] The court is going to appoint a physician pursuant to Penal Code Section 1368 as requested by counsel for the defendant, and we will—

". . . . . . . . . . . . . . . . . . . . . . . . . . . .

"THE COURT: Dr. Matychowiak is appointed pursuant to Penal Code Section 1368, and we will set the hearing right now.

"THE CLERK: Set the hearing for September 26th.

"THE COURT: That is so ordered, and all proceedings are suspended until such hearing."

Neither substantial evidence of incompetency nor an expression of judicial doubt as to competency arose at the September 27, 1989, hearing. The court received the psychiatric report prepared by Dr. Matychowiak. His diagnostic impression was, "Borderline personality Seizure disorder by history." The report concluded:

"It is my opinion she understands the nature and purpose of the proceeding taken against her well enough to be considered sane for purposes of standing trial. It is my opinion that she is able to cooperate in a rational manner with counsel in presenting a defense. She would be unable either emotionally or educationally to conduct her own defense in a rational manner without counsel."

The following transpired at the September 27, 1989, hearing:

"THE COURT: The record reflects the presence of the defendant. This is set for hearing on a medical report. Are both counsel in receipt of the report of Dr. Matychowiak?

"MS. BUNTON: Yes.

"[District Attorney]: Yes.

"THE COURT: Are you prepared to submit it?

"MS. BUNTON: No, your Honor, we ask for a trial on the issue of competency.

"THE COURT: Very well. Before we set the matter for trial, it is the Court's understanding that the practice sometimes involves seeking an additional psychiatric report in an effort to further verify or contradict the report.

"[DISTRICT ATTORNEY]: I have a suggestion. Mrs. Johnson was interviewed by Dr. Velosa. Apparently there is a contrary report or recommendation. I don't have any discovery on the report and I ask the Court to appoint a third psychiatrist. If there is going to be a trial we have one saying she is not competent and one saying she is competent, so I think it would be beneficial for a jury trial to have the opinion of another psychiatrist.

"MS. BUNTON: I have no objection, however under 1017 my client is entitled to a confidential report. Dr. Velosa was appointed for that purpose. I believe we can keep his report confidential. I wish to do so at this time.

"THE COURT: Do you dispute her statement with respect to 1017 examination?

"[District Attorney]: No, but if she calls him at the jury trial I am entitled to have a copy of the report so I can adequately cross-examine him. I think at this point in time I am entitled to a copy of that report.

"THE COURT: If Dr. Velosa's report is subject to claim of confidentiality at this point in time, the Court would be inclined to order at least one other psychiatrist's report and if that report is consistent with Dr. Matychowiak, I don't know if there is any need for a third unless Ms. Bunton requests, so I will appoint another psychiatrist. I don't know if we need to appoint two.

"[DISTRICT ATTORNEY]: We have Dr. Velosa's and I am not privy to that, but I understand it came back with a finding he doesn't believe Ms. Johnson is competent. We have two reports contradicting each other. Dr. Velosa's contradicts Dr. Matychowiak's.

"Ms. BUNTON: One appointment is fine, your Honor.

"THE COURT: Very well.

"THE CLERK: Dr. Burdick.

"THE COURT: We will have further hearing on his report—

"THE CLERK: October 11th.

"THE COURT: So ordered."

It is clear the deputy district attorney assumed Dr. Velosa's report, which she had not seen, contained the opinion defendant was not presently competent to stand trial. Defense counsel did not confirm the prosecutor's assumption, was careful not to make any representations as to the content of that report, and stressed the confidential nature of the report. She did not express an opinion as to defendant's competency to stand trial.

At the next hearing, on October 25, 1989, the court received Dr. Burdick's report. Dr. Burdick concluded defendant was competent. When defense counsel moved to withdraw the request for competency hearing, the court

granted the request, expressly noting that it had received the two psychiatric reports that found defendant competent. It is thus clear that the court entertained no doubt about defendant's competency when the incompetency request was withdrawn, and there was no substantial evidence of incompetency that made the court's failure to schedule a hearing on the matter an abuse of discretion.

■ In *People* v. *Marks*, *supra*, 45 Cal.3d at page 1344, the court held that a defendant cannot be prejudiced by the absence of substantial evidence of incompetency where the trial court has expressly chosen to rely on counsel's representation that there is doubt as to defendant's competency. When the court has made an express order for a competency hearing, the hearing must be held, even if the record does not affirmatively support the original finding that the hearing was necessary, according to *Marks*. Two factors distinguish this case from *Marks*.

First, defense counsel, as noted above, never represented to the court that she thought defendant may be incompetent and never offered to present evidence of incompetency, as counsel did in *Marks*. Thus the court could not have relied on counsel's representations concerning incompetency in the present case.

Second, in *Marks*, the trial court expressly found doubt about defendant's competency and ordered a formal hearing on competency. The Supreme Court thought it inappropriate to "second-guess" the trial court's express finding of the necessity for a competency hearing. In the present case, the court consistently declined to set a formal hearing on competency until further evidence was presented, evidence that would raise a doubt about defendant's competency. Thus there is no trial court determination that we risk "second guessing."

■ At no time in these proceedings did the trial court ever express doubt about defendant's competency; nor was there any evidence presented that defendant was incompetent. Thus the trial court did not abuse its discretion in granting defendant's motion to withdraw her request for a competency hearing. (*People* v. *Laudermilk*, *supra*, 67 Cal.2d at p. 283, fn. 10.)

## DISPOSITION

The judgment is affirmed.

Buckley, J., and Brown, (G. A.), J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal, Fifth District, sitting under assignment by the Chairperson of the Judicial Council.