Filed 8/27/15  P. v. Moore CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>TAD PATRICK MOORE,<br><br>    Defendant and Appellant. | F066861<br><br>(Super. Ct. No. SCR012942)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Madera County.  Roger L. Wayne[†] and Dale J. Blea, Judges.[‡]

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Sally Espinoza, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Franson, J. and Smith, J.

[†]    Retired judge of the Madera Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

[‡]    Judge Wayne presided over the competency hearing; Judge Blea presided over the trial and sentencing.

Defendant Tad Patrick Moore was convicted by jury trial of two counts of arson and one count of misdemeanor resisting a peace officer (Pen. Code, §§ 451, subd. (c), 148, subd. (a)(1)),**1** respectively.  He was sentenced to five years four months in prison.  On appeal, he contends (1) the trial court violated his due process rights by failing to make an express determination of his competence to stand trial and proceeding with criminal proceedings, (2) the trial court imposed an unauthorized sentence when it ordered him to pay for the cost of confinement under section 1203.1c, (3) the abstract of judgment incorrectly reflects a presentence report fee not imposed by the trial court, and (4) the abstract of judgment incorrectly reflects the number of custody credits imposed by the trial court.  We will strike the order to pay costs under section 1203.1c, and we will order that the abstract of judgment and minute order be corrected to reflect this change and the sentence orally imposed by the trial court.  As so modified, we affirm.

## DISCUSSION

### I.    *Competency*

#### A.    **Background**

On July 10, 2012, a complaint was filed against defendant.  The same day, he was arraigned and pled not guilty.

On July 12, 2012, the preliminary hearing date was set for July 20, 2012.

On July 20, 2012, "Defense Counsel addresse[d] the Court regarding their concerns related to Defendant's ability to assist with his defense and request[ed] doctors be appointed to evaluate the Defendant pursuant to [section] 1368."  The court suspended criminal proceedings, instituted civil proceedings, and "appoint[ed] Dr. Taylor and Dr. Zimmerman to examine the Defendant pursuant to [section] 1368/Competency."  The

---

**1**     All statutory references are to the Penal Code.

2.

next court date was set for "August 31, 2012, at 8:30 a.m., For: Review of Reports (PC [section] 1368)."[2]

At the hearing on August 31, 2012, the court had Dr. Zimmerman's report. In his report, Dr. Zimmerman diagnosed defendant with bipolar disorder and found as follows: "[Defendant] appeared to possess at least a rudimentary understanding of the court proceedings as they related to his case. [¶] However, his racing, tangential thoughts, grandiose delusions, and manic energy will most likely impair his ability to follow court room testimony and/or assist his attorney's effort to defend him." Dr. Zimmerman recommended: "Psychotropic medication has been helpful in restoring mental competence for others with symptoms similar to [defendant's]. A medication evaluation is recommended."

The court had not yet received Dr. Taylor's report, but a letter from Dr. Taylor stated he would submit his report to the court by September 7, 2012. Accordingly, the court set the next hearing for September 7, 2012, for "Review of Reports: PC [section] 1368," as noted by the clerk's transcript.

At the hearing on September 7, 2012, the court had Dr. Taylor's report. In his report, Dr. Taylor diagnosed defendant with personality disorder, not otherwise specified, with antisocial and narcissistic features. He concluded that defendant was able to understand the nature of the criminal proceedings and appeared able to assist counsel in a rational manner. He recommended that the court declare defendant competent to stand trial.

---

[2]     These facts are taken from the clerk's transcript. The record on appeal contains no reporter's transcript of this hearing.

The following colloquy occurred at the hearing:

"THE COURT:  All right.  People versus Tad Patrick Moore, MMH00404.  We have a response to the [section] 1368 request that was from both Dr. Taylor and Dr. Zimmerman.  One doctor[, Dr. Taylor,] says he's competent to stand trial and the other[, Dr. Zimmerman,] is [as] wishy washy as you can get.  [¶] … [¶]  [Dr. Zimmerman] says if [defendant]— [¶] … [¶]—takes medication, he would be okay, but otherwise he probably wouldn't know what's going on.  [¶] … [¶]

"[PROSECUTOR]:  The People would be requesting that we send this out to a third doctor, come back in four to six weeks, possibly on a Tuesday, if that would be convenient for the Court and defense counsel and go from there.

"THE COURT:  I think that's a good idea because Dr. Zimmerman did not help us at all.  [¶]  All right….  We'll send it to—the only other doctor I got here is Dr. Narayan, N-a-r-a-y-a-n….  He accepts [section] 1368 appointments only so we'll send it to him and we'll have the matter back on calendar October 5th, at 8:30.  [¶] … [¶] … Make it October 9th."

At the hearing on October 9, 2012, the court had Dr. Narayan's report.

Dr. Narayan diagnosed defendant with polysubstance dependence or abuse, and he opined that defendant was competent to stand trial and should be so found by the court.

The following colloquy occurred at the hearing:

"[THE COURT:]  All right.  The case MCR041844, as counsel recalls, we got a report from Dr. Zimmerman, which the Court felt was very nebulous.  It didn't say one thing or another.  We've had two other reports since then from Dr. Nar[ay]an and Dr. Taylor.  [¶]  Counsel, do you wish to be heard on that?  They say he's competent to stand trial.

"[DEFENSE COUNSEL]:  Your Honor, I mean, we have three reports.  They're all consistent that he's competent to stand trial.  I do have some reservations with regard to some personal interactions with [defendant], but I guess I will submit since all three reports were consistent that he is competent.

"THE COURT:  Well, Dr. Zimmerman said he would be competent with medication.  So what is your desire?

4.

"[DEFENSE COUNSEL]: Your Honor, has he been evaluated for medication? I'm not sure if the Court has that information before it. But we'd request a court order that he be evaluated for medications, and that he be given his medications by the jail.

"[PROSECUTOR]: Your Honor, the People would submit on the reports and have no objection to defense's request.

"THE COURT: All right. The Court will order that he have an evaluation of his psychotropic medications that would be appropriate in his case. [¶] We'll set the matter down for trial setting, or what do you want to do?

"[DEFENSE COUNSEL]: Your Honor—

"[PROSECUTOR]: We're still in the civil proceedings. So is the Court going to continue that until we determine if there's a need for the medications? Or are we going to reinstate criminal proceedings and then set it for prelim, or?

"THE COURT: Well, it was my intention to reinstate criminal proceedings and set it for trial setting or trial, but also order that he have that examination. If he needs psychotropic medication, he should have it so he can assist counsel at his trial.

"[DEFENSE COUNSEL]: That's fine. We'll submit on the Court reinstating criminal proceedings.

"[PROSECUTOR]: If the Court reinstates the criminal proceedings, we haven't had the prelim yet so we would need to set the prelim.

"THE COURT: When do you want to set the prelim?

"[PROSECUTOR]: October 19th, if that works for Court and Counsel.

"[DEFENSE COUNSEL]: That's fine, Your Honor.

"THE COURT: I will set the preliminary examination for October 19th, and that will be at 9:30. We'll have a pre prelim on October 17th at 8:30 just in case something develops.

"[PROSECUTOR]: Could we make it the 16th, Tuesday?

"THE COURT: Tuesday the 16th, rather than the 17th. [¶] Civil proceedings are terminated. Criminal proceedings are reinstated."

### B. Analysis

Both the federal Constitution and our state statutes forbid criminal prosecution of a person who is mentally incompetent. (*Pate v. Robinson* (1966) 383 U.S. 375, 378 (*Robinson*); § 1367, subd. (a).) The constitutional test is whether the defendant "'has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding—and whether he has a rational as well as factual understanding of the proceedings against him.'" (*Dusky v. United States* (1960) 362 U.S. 402.) Similarly, state statutes forbid prosecution while the defendant, "as a result of mental disorder or developmental disability, … is unable to understand the nature of the criminal proceedings or to assist counsel in the conduct of a defense in a rational manner." (§ 1367, subd. (a).)

Section 1368 provides that, when "a doubt arises in the mind of the judge as to the mental competence of the defendant, [the judge] shall state that doubt in the record and inquire of [defense counsel] whether, in the opinion of [defense counsel], the defendant is mentally competent." (§ 1368, subd. (a).) If defense counsel then "informs the court that he or she believes the defendant is or may be mentally incompetent, the court shall order that the question of the defendant's mental competence is to be determined in a hearing which is held pursuant to Sections 1368.1 and 1369. If counsel informs the court that he or she believes the defendant is mentally competent, the court may nevertheless order a hearing." (*Id.*, subd. (b).) When the court has ordered a hearing to make a determination into the defendant's competence, it must suspend the criminal prosecution until the question of the defendant's mental competence has been determined.[3] (*Id.,* subd. (c).)

---

[3] "Although it arises in the context of a criminal trial, a competency hearing is a special proceeding, governed generally by the rules applicable to civil proceedings. [Citation.] … A defendant is presumed competent unless the contrary is proven by a preponderance of the evidence." (*People v. Lawley* (2002) 27 Cal.4th 102, 131.)

The provisions of section 1368 have been interpreted to afford a constitutional right. If the judge makes an express declaration of doubt as to a defendant's competence, the court is *required* to hold a competency hearing and make a formal determination regarding the defendant's competence. (*People v. Marks* (1988) 45 Cal.3d 1335, 1340 (*Marks*).) If the judge does not make an express declaration of doubt, but a defendant has nevertheless presented substantial evidence that he is incompetent, the court is similarly *required* to conduct a hearing and make a formal determination. (*People v. Hale* (1988) 44 Cal.3d 531, 539 (*Hale*); *People v. Pennington* (1967) 66 Cal.2d 508, 518-519 (*Pennington*).) When substantial evidence appears, a doubt as to the defendant's competence exists, "no matter how persuasive other evidence—testimony of prosecution witnesses or the court's own observations of the accused—may be to the contrary." (*Pennington,* at p. 518; see *id.* at p. 519 [defendant presented substantial evidence he was incompetent and prosecution presented substantial evidence he was competent; "however, once it is determined that defendant's showing was substantial, it is immaterial that the prosecution's evidence may seem more persuasive"; "conflict can only be resolved upon a special trial before the judge or jury, if a jury is requested"].) At this point, if the court proceeds with a criminal prosecution without first making a formal determination that the defendant is, in fact, competent to stand trial, the defendant is denied his constitutional right to a fair trial. (See *People v. Ary* (2004) 118 Cal.App.4th 1016, 1020; see also *Robinson, supra,* 383 U.S. at pp. 384-385.)

If, on the other hand, the evidence of the defendant's incompetence is less than substantial (and the court has not expressed a doubt as to his competence), the decision to conduct a hearing is in the trial court's discretion. (*Pennington, supra,* 66 Cal.2d at p. 518.) The court may first choose to hold further informal hearings to assist it in determining whether there is substantial evidence of incompetence. (*People v. Johnson* (1991) 235 Cal.App.3d 1157, 1162 (*Johnson*), citing *People v. Ashley* (1963) 59 Cal.2d 339, 363.)

7.

When a trial court is required to make a formal competency determination, defense counsel cannot waive that determination on behalf of the defendant. (See *Marks, supra,* 45 Cal.3d at p. 1340.) If a trial court fails to make a formal determination once it is required to do so, that court's order directing the reinstitution of criminal proceedings is an act in excess of its jurisdiction. (*Id.* at p. 1337.)

In this case, defense counsel expressed a doubt as to defendant's competence without any prompting from the trial court. In response, the court suspended criminal proceedings to investigate the matter. The court assigned two psychologists to examine defendant and provide opinions regarding his competence. Dr. Zimmerman was "very nebulous," according to the court, and did not provide a helpful opinion or recommendation. But Dr. Zimmerman's report did at least suggest that defendant *might* be incompetent and that medication *might* restore him to competence. Dr. Taylor, on the other hand, believed defendant was competent and recommended that the court find him competent. Due to the nature of Dr. Zimmerman's report, the court assigned a third psychologist to examine defendant and clarify defendant's status. Dr. Narayan, like Dr. Taylor, found defendant competent to stand trial. At this point, defense counsel submitted on the issue of competency. When the court asked counsel about Dr. Zimmerman's recommendation that defendant be evaluated for medication, defense counsel requested an order for a medications evaluation, which the court granted. Defense counsel then agreed that criminal proceedings should be reinstated. The court reinstated criminal proceedings and set a date for the preliminary hearing.

Defendant contends the trial court was required to make a formal determination as to defendant's competence to stand trial and to expressly and unmistakably state it on the record. Defendant asserts that the court was divested of its jurisdiction when it reinstated criminal proceedings without making this determination, rendering all of the court's further actions void. Thus, he maintains, we should remand for a determination of whether a retrospective competency hearing could cure the error.

8.

We conclude, however, that because the trial court never expressed a doubt as to defendant's competence, the court was not required to hold a formal competency hearing and make a formal competency finding unless it was presented with substantial evidence of defendant's incompetence. (*Hale, supra,* 44 Cal.3d at p. 539; *Pennington, supra,* 66 Cal.2d at pp. 518-519.) The court conducted informal proceedings to investigate whether substantial evidence existed—that is, evidence that raised a reasonable doubt regarding defendant's competence to stand trial. (*People v. Jones* (1991) 53 Cal.3d 1115, 1152.) We conclude substantial evidence did not exist. The evidence before the court consisted of defense counsel's "concerns" regarding defendant's competence and her "reservations" regarding some of her personal interactions with defendant, the ambiguous evaluation by Dr. Zimmerman, and the unambiguous evaluations by Dr. Taylor and Dr. Narayan. Defense counsel's undefined concerns and reservations, although relevant, did not amount to substantial evidence. (See Rules of Court, rule 4.130(b)(2) ["The opinion of counsel, without a statement of specific reasons supporting that opinion, does not constitute substantial evidence"].) Furthermore, Dr. Zimmerman's evaluation was not controlling and did not constitute substantial evidence, especially in light of the two contradictory evaluations, one of which the court ordered after expressly finding Dr. Zimmerman's report nebulous and unhelpful. (See *People v. Kirvin* (2014) 231 Cal.App.4th 1507, 1514 ["courts may lawfully use a third expert as a 'tie breaker'"].) When the third evaluation confirmed the competency finding of Dr. Taylor, defense counsel submitted due to the content of the reports. We do not see this act as an attempt to waive defendant's right to a formal competency hearing, but instead as a withdrawal of an opinion defense counsel concluded was ultimately unsubstantiated.

Because the trial court never expressed a doubt regarding defendant's competence and no substantial evidence of his incompetence existed, the trial court did not abuse its discretion in declining to hold a formal competency hearing. (*Johnson, supra,* 235

9.

Cal.App.3d at p. 1166; see *Pennington, supra,* 66 Cal.2d at pp. 518-519.) Under these circumstances, no formal competency finding was required.

## II.     *Cost of Confinement*

Defendant argues that the trial court imposed an unauthorized sentence when it ordered him to pay $73 per day for the cost of confinement pursuant to section 1203.1c. The People concede, and we agree, that section 1203.1c applies to the cost of incarcerating a *probationer* and thus does not apply to defendant. Section 1203.1c, subdivision (a) provides: "In any case in which a defendant is convicted of an offense and is ordered to serve a period of confinement in a county jail, city jail, or other local detention facility *as a term of probation or a conditional sentence*, the court may, after a hearing, make a determination of the ability of the defendant to pay all or a portion of the reasonable costs of such incarceration, including incarceration pending disposition of the case." (Italics added.) We will strike the order.

## III.    *Presentence Report Fee*

Defendant also asserts that the $750 presentence report fee should be stricken from the abstract of judgment because the court expressly declined to impose the fee. The People correctly concede. Accordingly, we will order the abstract corrected. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185-186 (*Mitchell*) [where discrepancy exists between oral pronouncement of judgment and the abstract of judgment, oral pronouncement controls].)

## IV.    *Custody Credits*

Lastly, defendant contends that the abstract of judgment must be corrected to reflect the 484 total days of credit ordered by the trial court's oral pronouncement. The People concede that the abstract incorrectly states 457 total days of credit and must be corrected to reflect the court's oral pronouncement of judgment. (*Mitchell, supra,* 26 Cal.4th at pp. 185-186.)

10.

## DISPOSITION

The trial court's order requiring defendant to pay the cost of confinement pursuant to section 1203.1c is stricken. The trial court is directed to modify the abstract of judgment and minute order as follows: (1) strike the $73 per day cost of confinement pursuant to section 1203.1c, and (2) strike the $750 presentence report fee and correct the total days of credit to 484 total days (rather than 457 total days of credit) to reflect the sentence orally imposed by the trial court. As so modified, the judgment is affirmed. The trial court is instructed to send corrected copies of the minute order and abstract of judgment to the appropriate entities.